Abran E. Vigil
Nevada Bar No. 7548
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: 702.471.7000
Facsimile: 702.471.7070
vigila@ballardspahr.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Wells Fargo, N.A.,<br><br>    Plaintiff,<br><br>v.<br><br>SSL 9, Inc. d/b/a Kleantech Systems a/k/a Kleantech Anti-Viral Systems; Ivan Jackson; Bala Palanisamy; Blumerq Investments, LLC; Radahi Ramasamy; Sam A. Eidy;<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT IN INTERPLEADER** |

Plaintiff, Wells Fargo, N.A. ("Wells Fargo"), files this Complaint in Interpleader pursuant to 28 U.S. § 1335, 1397, and 2361 and Fed. R. Civ. P. 22 and states as follows:

PARTIES

1.   Plaintiff Wells Fargo is a national banking association with its main office, as designated in its Articles of Incorporation, located in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

2.   Upon information and belief, Defendant SSL 9, Inc. ("SSL 9") is a Nevada corporation with its principal place of business in Nevada and resides within the United States District of Nevada. Upon information and belief, SSL 9, Inc. does business as Kleantech Systems and/or Kleantech Anti-Viral Systems.

3. Upon information and belief, Defendant Ivan Jackson ("Jackson") is a citizen of the State of Nevada and resides within the United States District of Nevada.

4. Upon information and belief, Defendant Blumerq Investments, LLC ("Blumerq") is a limited liability company organized and existing under the laws of the State of California and none of its members are citizens of South Dakota. Upon information and belief, Blumerq resides within the United States Central District of California.

5. Upon information and belief, Defendant Bala Palanisamy ("Palanisamy") is a citizen of the State of California and resides within the United States Central District of California. Upon information and belief, Palanisamy is a managing member of Blumerq.

6. Upon information and belief, Defendant Radahai Ramasamy ("Ramasamy") is a citizen of the State of California and resides within the United States Central District of California.

7. Upon information and belief, Defendant Sam A. Eidy ("Eidy") is a citizen of the State of Ohio and resides within the United States Northern District of Ohio.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1335 because the amount in controversy exceeds $500, at least two of the adverse claimants claiming to be entitled to funds held by Wells Fargo are citizens of different states, and Wells Fargo will deposit the funds with the Clerk of Court or in the Court registry (assuming this Court gives its permission to do so).

9. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Wells Fargo and the Defendants.

10. Venue is appropriate in the District of Nevada under 28 U.S.C. § 1397 because at least one of the Defendants resides in Nevada. Venue is also appropriate in the District of Nevada under 28 U.S.C. § 1391(b)(2), because a substantial part of the property that is the subject of this action is situated in the District of Nevada, and also under 28 U.S.C. § 1391(b)(3) because at least one of the Defendants is subject to the court's personal jurisdiction.

11. Pursuant to 28 U.S.C. § 2361, this Court may issue process to the Defendants along with an order restraining them from instituting an action in any State or U.S. Court concerning the proceeds at issue in this case. "Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found." 28 U.S.C. § 2361.

## GENERAL ALLEGATIONS

12. The Defendants are claiming or may claim the funds in a checking account ending in 4262 maintained by Wells Fargo on behalf of SSL 9. (the "Account").

13. On or about August, 31, 2015, one or more representatives of SSL 9 opened the Account at Wells Fargo's branch located at 7290 S. Durango Dr., Las Vegas, Nevada 83113.

14. Jackson is the authorized signatory on the Account.

15. On or around October 1, 2020, funds in the amount of $1,200,000 ("Funds") were deposited in the Account via cashier's check ("Check"). A true and correct copy of the Check is attached hereto as Exhibit A.

16. The Check was made payable to SSL 9, and Blumerq is listed as the remitting party. Id.

17. The property subject to this interpleader consists of the Funds deposited in the Account totaling $1,200,000.

18. On or about October 9, 2020, Wells Fargo received a letter from Blumerq's attorney instructing Wells Fargo not to release the Funds to SSL 9 due to

a dispute between Blumerq and SSL 9 ("October 9, 2020 Letter"). A copy of the October 9, 2020 letter is attached as Exhibit B.

19. In the October 9, 2020 Letter, Blumerq asserted that the Funds were authorized to be returned only to Blumerq c/o Palanisamy or Ramasamy who Blumerq asserted made the initial deposit. Blumerq further asserted that SSL 9 had agreed to return the Funds to Blumerq. Id.

20. As of the date of filing this Interpleader Complaint, neither Jackson nor SSL 9 have provided written authorization to return the funds to Blumerq.

21. Wells Fargo subsequently put a hold on the Account.

22. On or about November 12, 2020, Palanisamy and Blumerq made a demand on the Funds in the Account.

23. Through the course of investigation, Wells Fargo became aware of a Pro-Forma Invoice dated September 25, 2020 between Blumerq and Kleantech Anti-Viral Systems ("Kleantech") whereby, among other terms, Blumerq purported it would remit $2,000,000 upon acceptance of the invoice ("Kleantech Invoice"). The Kleantech Invoice is attached hereto as Exhibit C.

24. Upon information and belief, Kleantech is a fictitious trade name used by SSL 9 in the course of SSL 9's business, and further Kleantech and SSL 9 are one and the same entities.

25. According to the terms of the Kleantech Invoice, Eidy was to act as paymaster and/or escrow agent to the transaction referenced in the Kleantech Invoice. Id.

26. Upon information and belief, the Funds deposited into the Account were connected to the transaction referenced in the Kleantech Invoice.

27. Upon information and belief, Eidy may also be entitled to portions of the Funds.

28. Each of the Defendants may claim some right, entitlement, interest or benefit of the Funds.

## Claim for Relief
### (Interpleader)

29. Wells Fargo repeats and realleges every preceding paragraph as if fully restated herein.

30. Wells Fargo is currently holding the Funds in the Account.

31. Wells Fargo is unable to ascertain the party legally entitled to the Funds.

32. The competing claims and demands by the Defendants are such that Wells Fargo is, or may be, exposed to the risk of multiple liability and/or multiple pieces of litigation arising out of the Funds being held in the Account.

33. Therefore, Wells Fargo desires to interplead the Funds into the registry of this Court so that the Court can determine to whom the Funds should be disbursed.

34. Wells Fargo has no interest in the Funds and thus is a mere stakeholder in this action.

35. Without this action, Wells Fargo has no way of protecting itself against multiple and excessive claims to the Funds.

36. Therefore, the Court should require Defendants to interplead in this suit to have the Court determine the appropriate beneficiary of the Funds.

37. If the Defendants are permitted to bring suit against Wells Fargo relating to the Funds, Wells Fargo may face multiple or vexatious claims, inconsistent judgments, and will be prejudiced.

## Prayer for Relief

Wherefore, Plaintiff requests judgment be entered and that the Court enter the following relief:

A. Grant Wells Fargo leave to deposit the Funds in the amount of $1,200,000 into the registry of the Court or such other depository as the Court designates;

BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
702.471.7000 FAX 702.471.7070

B. Issue process in the manner and form required by law to each of the Defendants, directed to the U.S. marshal's office of the Defendants' respective districts of residence;

C. Restrain Defendants, and each of them, from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument, or obligation involved in this interpleader action until further order of this Court;

D. Order Defendants to interplead in this action to determine who has legal right to the Funds;

E. Order that, upon depositing the Funds into the registry of the Court, Plaintiff Wells Fargo be fully and finally discharged from this suit and any further liability relating to payment of the Funds or the claims of any Defendant;

F. Plaintiff be awarded its reasonable attorneys' fees and costs incurred in connection with this action; and

G. Awarding to Plaintiff such other, further and different relief as the Court may deem just and equitable.

RESPECTFULLY SUBMITTED this 1st day of March, 2021

BALLARD SPAHR LLP

By: /s/ *Abran E. Vigil*
    Abran E. Vigil
    Nevada Bar No. 7548
    1980 Festival Plaza Drive, Suite 900
    Las Vegas, Nevada 89135

*Attorney for Plaintiff Wells Fargo, N.A.*
